516 S.E.2d 200

**In the Matter of Brian Charles REEVE, Respondent.**

**No. 24934.**

Supreme Court of South Carolina.

Submitted March 16, 1999.

Decided April 19, 1999.

Frank A. Barton, of Columbia, for respondent.

Senior Assistant Attorney General James G. Bogle, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent has admitted the allegations against him and the parties have entered into an agreement for a sanction ranging from a letter of caution to a public reprimand pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. We accept the agreement and publicly reprimand respondent.

Respondent admits that he received attorney's fees in three real estate closings at which he was not present. In one instance, respondent failed to explain the documents to his

clients prior to the closing. In addition, respondent was aware that his staff notarized and witnessed documents outside of the clients' presence.

In a loan refinancing prepared by respondent, respondent had no personal contact with the client. Although the client had not paid real estate taxes on the property for three years, when respondent's staff telephoned the Richland County Treasurer's Office, no notice of the unpaid taxes was given. Respondent was paid an abstract or title search fee for his representation in this matter. However, respondent failed to secure the amounts and due dates of the client's unpaid taxes. After the closing, the client received a tax notice for the unpaid taxes.

Finally, respondent conducted a closing for a couple refinancing their home. Although he had notice of a judgment for repossession of a mobile home, the closing was conducted and respondent issued a check on his trust account to the couple. After depositing respondent's check, writing checks, and withdrawing cash from their account based on the deposit of respondent's check, the couple was informed by their bank that respondent had placed a stop payment on his check.

Respondent has engaged in misconduct by failing to properly supervise nonlawyers employed by him, assisting a person in the unauthorized practice of law, failing to provide competent representation, failing to make reasonable efforts to correct clients' misunderstandings of his role in legal matters, and failing to respect the legal rights of third parties in representing a client. By his conduct, respondent has violated Rules 1.1, 4.3, 4.4, 5.2, 5.5, and 8.4 of the Rules of Professional Conduct, Rule 407, SCACR, and his oath of office. In addition, respondent has engaged in conduct which tends to pollute the administration of justice and bring the legal profession into disrepute.

Accordingly, we publicly reprimand respondent for his misconduct.

PUBLIC REPRIMAND.